

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

> Opinion Number 0-5450
> Re: (1) Maintenance tax rate of Waco
> Independent School District;
> (2) Eligibility of Waco Independ-
> ent School District for high
> school tuition aid under 1943-
> 1945 rural aid bill (Acts 1943,
> 48th Leg., R. S., H. B. 176).

In your letter of June 22, 1943, you enclosed a letter from the Superintendent of the Waco Public Schools, and you ask our opinion upon the following matters contained in said superintendent's letter:

"1. We are about to ask the City of Waco to call an election for the raising of the tax rate for maintenance and operation of the schools. We want to ask for 80¢, which would be a 10% raise over the present rate. The city authorities state that we would not be safe in asking for more than 77¢ inasmuch as the sinking fund may possibly need 23¢ sometime in the distant future. Only 18¢ is being used now."

"2. Is there anything to hinder the Waco schools from getting next year the rural high school tuition on all junior and senior high school pupils who come under the amended Rural Aid law? We have some who

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable T. M. Trimble, page #2

will come under the clause 'attending the public
schools from an orphans' home within the city.' "

The Waco schools were first provided for in 1889,
Acts 21st Legislature, Chapter 17, House Bill No. 368, page
146. This was an Act incorporating the City of Waco.

Section 48 of said House Bill No. 368 provided as
follows:

"Sec. 48..The corporation created by this act
shall be a separate school district upon its com-
pliance with the statutes of this state in such
cases, and shall have full power to take charge
of, govern, control, and maintain free schools
within said city subject to the constitution and
laws of this state and in compliance therewith,
and until altered, changed, amended, or repealed
all rules, resolutions, regulations, and ordi-
nances in reference to said schools now in effect
in said city shall remain and have full force and
effect over all territory included in the corpora-
tion hereby created."

Provision is also made in the present charter of the
City of Waco (Charter, adopted December 29, 1913, and amend-
ments thereto). See Articles 309 to 312, inclusive. Article
212, which authorizes a tax for the support and maintenance of
the public free schools, read as follows:

"Art. 212. In addition to amount levied for
municipal purposes which shall not exceed the sum
of one and eighty-five one-hundredths of one per
cent, said Board shall, by ordinance, annually
levy and collect for the support and maintenance
of public free schools in the City of Waco an
amount not exceeding the amounts hereinafter set
forth for the respective years, to-wit: Sixty-six

Honorable T. M. Trimble, page #3

one-hundredths of one per cent ad valorem taxes of the assessed value of all property subject to taxation for the year 1931; Sixty-seven one-hundredths of one per cent ad valorem taxes of the assessed value of all property subject to taxation for the year 1932; Sixty-eight one-hundredths of one per cent ad valorem taxes of the assessed value of all property subject to taxation for the year 1933; Seventy one-hundredths of one per cent ad valorem taxes of the assessed value of all property subject to taxation for the year 1934 and all subsequent years; provided the levy for the support and maintenance of public free schools shall automatically reduce the levy for municipal purposes so that total taxes shall never exceed two and fifty one-hundredths per cent for any one year."

It is seen that the maximum tax authorized by the above-quoted provision for the year 1934 and subsequent years is "Seventy one-hundredths of one per cent ad valorem taxes of the assessed value of all property subject to taxation * * * ", which is, we understand, the present rate which is levied.

You are, therefore, advised that under the charter of the City of Waco the maximum tax which can be levied for the support and maintenance of the Waco Independent School District is 70¢ per one hundred dollars of the assessed valuation of the property subject to taxation.

In your second question you ask whether the Waco Independent School District is eligible for high school tuition aid under the terms of the rural aid bill for 1943-1945 (Acts 1943, 48th Leg., R. S., H. B. 176) for pupils from an orphans' home in the district who attend the district schools.

On July 31, 1942, the State Superintendent asked us the same question with respect to the 1941-1943 Act (Acts 1941,

Honorable T. M. Trimble, page #4

47th Leg., R. S., Ch. 549, H. B. 284), and in Opinion No. O-4755, rendered August 12, 1942, we advised him that the Waco Independent School District was not eligible for such aid because of two reasons:

1. Article I of the 1941 Act set forth what districts were eligible to receive the rural aid benefits. Section 1 of Article I set out the scholastic population brackets of the school districts entitled to receive such benefits. Under that section only those districts which had not fewer than 20 nor more than 500 original enumerated scholastics were eligible for aid, with three certain exceptions, none of which were applicable to the Waco district. The Waco district had a scholastic population of more than 11,000, which figure exceeded the 500 maximum, and this factor rendered the district ineligible.

2. That part of Article IV (High School Tuition) which affected pupils from an orphans' home reads as follows:

"It is further provided that tuition aid as above set out shall be granted for pupils transferred into a district from an orphans' home or from either of the State Training Schools." (Emphasis supplied).

It was our opinion that "transferred into a district" meant transferred from one district into another district; therefore, as pupils from the orphanage in Waco reside in Waco and are resident scholastics of the Waco Independent School District, such pupils were not "transferred into" the district. Hence, the provision was inapplicable.

The correctness of this conclusion was borne out by the phrase "as above set out." Such phrase necessarily referred to that part of Article IV which read: "High school tuition shall be paid according to the provisions of House Bill No. 158, General Laws, Regular Session, Forty-Fourth Legislature, as amended, and subject to the limitations provided in this Act."

Honorable T. M. Trimble, page #5

House Bill No. 158 authorizes the transfer of a high school student from his home district to another district when his grade is not taught in his home district. See Opinion No. O-4753 for a full discussion of this point.

The 1943 Act changes the provision relating to the pupils from an orphans' home. It is provided in the 1943 Act as follows:

"It is further provided that tuition aid as above set out shall be granted for pupils attending from an orphans home in the district or transferred into a district from an orphans home or from either of the State Training Schools." (Emphasis supplied).

Even assuming that this change does away with the second objection listed above, we still have the first objection confronting us, for the 1943 Act, in Article I (Eligibility for Aid), still contains the 20-500 scholastic population limitation.

An extended discussion of the first objection will not be necessary here, for the same was fully discussed in Opinion No. O-4753, a copy of which is herewith enclosed.

It is our opinion that the fact that the Waco Independent School District has in excess of 500 scholastic population renders it ineligible to receive rural aid benefits under the 1943 Act. It will, therefore, be unnecessary for us to determine whether there are other provisions in the Act which render the Waco district ineligible to receive aid (See Article I, Section 3, Distance between Schools).

You are, therefore, advised that the Waco Independent School District is not entitled to high school tuition aid for

Honorable T. M. Trimble, page #6

pupils from an orphans' home in the district who attend the district schools.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *George W. Sparks*
George W. Sparks
Assistant

GWS-s

ok
C.P.R.

APPROVED JUL 21, 1943

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN